JOSIAH DAILY, Adm'r, etc. v. W. H. JOHNSON, Adm'r, etc.

1. DEPOSITIONS—PRACTICE.—Deposition suppressed because no notice or waiver of notice of the time and place of taking.

ERROR to the circuit court of De Soto county. FISHER, J.

*Powell & M. Kenzie,* for plaintiff in error.

*Thos. H. Johnston,* for defendant in error.

TARBELL, J.:

This is an action to recover $1,251.95, deposited in 1861 by W. C. Wesson, since deceased, with D. C. Williams, since decased. The suit is pending by and against the respective administrators of the deceased parties. On the trial, the plaintiff offered in evidence the deposition of Cornelia Williams, widow of said D. C. Williams, deceased, to the reading of which objection was made on several grounds, and the deposition was rejected. There was a jury, and verdict for defendant, and a motion for a new trial, which was overruled. Hence the case comes to this court for review.

It seems that, in 1862, W. C. Wesson, in his lifetime, filed a bill in the chancery court of De Soto county, against William H. Johnston, administrator of the estate of D. C. Williams, deceased, to perpetuate the testi-

mony of Cornelia Williams, because of her age and infirmities, with a view to its use in the suit at bar. There was an answer to the bill, and an order to take the testimony of the witness. The testimony was taken, but there only remains the interrogatories and answers thereto on the part of the complainant. It was shown that, subsequent to said proceedings and their completion, the records of the county of De Soto were burned, leaving of the proceedings to perpetuate. the testimony of said Cornelia Williams, only the interlocutory order to take the testimony and the interrogatories and answers on the part of the complainant. Whether notice of the time and place of taking such testimony was given to the opposite party, as required by said interlocutory order, does not appear, nor whether the defendant appeared and joined in the interrogatories and examination. Subsequent to the deposition and before the trial, the said Cornelia Williams died. Upon these facts, the court refused to permit the answers of the witness to be read in evidence. To the reading, counsel objected, not only on technical grounds, but on the further ground that the witness, as the widow of D. C. Williams, deceased, against whose estate this claim is now prosecuted, is incompetent because of such relationship. In the absence of proof of notice to take the testimony of the witness, the objection to the reading of the deposition seems to have been fatal, for which reason the judgment is affirmed.